UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL FREDERICK,

                    Plaintiff,

          v.

MICHAEL SHEHAN, et al,

                    Defendants.

DECISION & ORDER

10-CV-6527

---

          On October 25, 2010, *pro se* plaintiff Michael Frederick ("plaintiff") filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that defendants used excessive force against him in violation of the Eighth Amendment and denied him due process rights in violation of the Fourteenth Amendment.  (Docket # 4).  Currently before this Court are plaintiff's motions for the appointment of counsel.  (Docket ## 17, 20).

          It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

          1.     Whether the indigent's claims seem likely to be of
                 substance;

          2.     Whether the indigent is able to investigate the crucial facts
                 concerning his claim;

3.   Whether conflicting evidence implicating the need for
cross-examination will be the major proof presented to the
fact finder;

4.   Whether the legal issues involved are complex; and

5.   Whether there are any special reasons why appointment of
counsel would be more likely to lead to a just
determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802

F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer

lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d

Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying

dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

174, and "even though a claim may not be characterized as frivolous, counsel should not be

appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are

therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)

(denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared

to have little merit).

The Court has reviewed the facts presented herein in light of the factors required

by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and

*Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this

time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a

likelihood of success on the merits. *See id.* The plaintiff has failed to do so here. Moreover, the

legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial.  Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel.  It is therefore the Decision and Order of this Court that plaintiff's motions for the appointment of counsel **(Docket ## 17, 20)** are **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
          May     17    , 2012