UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

MICHAEL FREDERICK,

                Plaintiff,

v.

PATRICK MURPHY, Officer, MICHAEL
ROBYCK, Officer, JAMIE ROBINSON, Officer,
DONALD HOLTON, Sergeant, and
VANDERGRIF, Officer,

                Defendants.

**DECISION AND ORDER**

6:10-CV-06527 EAW

───────────────────────────────────────

## INTRODUCTION

Plaintiff Michael Frederick ("Plaintiff") filed this action on September 15, 2010, alleging violations of his civil rights. (Dkt. 1). Following discovery and dispositive motions, Plaintiff's claims for excessive use of force, failure to supervise, and failure to intervene remain. (*See* Dkt. 64; Dkt. 74). A jury trial is scheduled to begin on September 11, 2017. Presently before the Court is Plaintiff's fifth motion to appoint counsel. (*See* Dkt. 93).

Plaintiff argues that he is indigent, that his imprisonment limits his ability to litigate the "complex" issues in this case, that counsel would be better able to examine witnesses during trial, and that Plaintiff has tried, but failed, to secure counsel on his own. (*Id.* at ¶¶ 1-4).

For the reasons stated below, Plaintiff's motion is denied.

## DISCUSSION

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court must evaluate "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))). This is because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Id.* Additionally, for prison inmates, the court must also give weight to the plaintiff's lack of practical access to attorneys. *Id.* at 173-74.

Plaintiff was in prison when he filed the complaint, and remains in custody. Plaintiff has previously been granted leave to proceed *in forma pauperis*. (Dkt. 3). In his *in forma pauperis* motion, Plaintiff stated that he was incarcerated, had not worked in the past 12 months, and did not have any cash or other assets. (Dkt. 2 at 1-2). A prison official certified that Plaintiff's average account balance for the previous six months was $50.02. (*Id.* at 2). Plaintiff has conclusively shown that he is indigent, and has met the

threshold test for appointing counsel.

However, on balance, the *Cooper* factors weigh against appointing counsel at this time. As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. Plaintiff states that he "constantly strives to obtain a lawyer on his own" but he has not been able to secure counsel. (Dkt. 93 at ¶ 4). Plaintiff attaches a letter from a law firm declining to take Plaintiff's case. (*Id.* at 3; *see also* Dkt. 48 at 5-8 (attaching letters from law firms declining to represent Plaintiff); Dkt. 82 at 3 (same)). Plaintiff has made attempts to find counsel. However, this, in itself, is insufficient to warrant the appointment of counsel.

The Court finds that Plaintiff has not established that he has a likelihood of success on the merits. The claims presented revolve around a single use of force incident. Plaintiff claims that during a cell extraction he was beaten and choked by the Defendant correctional officers. (Dkt. 4 at 7-8). Plaintiff further claims that Defendant Donald Holton, the correctional officers' supervisor, failed to properly supervise and failed to intervene in his beating. (*Id.* at 9). The trial will turn on the jury's determination as to the credibility of the witnesses, not any complex factual or legal issues which Plaintiff is incapable of handling on his own. And, despite Plaintiff's assertion to the contrary, the trial is unlikely to require extensive cross-examination for which expert counsel is required.

Up to this point, Plaintiff has submitted a clear, well-drafted amended complaint

(*see generally id.*), and has drafted motion papers containing logical factual arguments in support of his requests for relief. (*See, e.g.*, Dkt. 93). In fact, Plaintiff successfully defended against Defendants' repeated dispositive motions in this case. (*See* Dkt. 64; Dkt. 74).

During an appearance on April 25, 2017, Plaintiff asserted, for the first time, that he had mental health issues which limited his ability to represent himself. (*See* Dkt. 102). Plaintiff did not raise this issue in the instant motion, or in any of his previous motions to appoint counsel. (*See* Dkt. 17; Dkt. 20; Dkt. 48; Dkt. 82; Dkt. 93). Plaintiff has not submitted sufficient information upon which this Court can determine that his claimed mental health problems would affect his ability to represent himself at trial. Additionally, the Court has held two appearances with Plaintiff and has found Plaintiff able to succinctly and competently articulate his thoughts in a manner which suggests that he is capable of presenting his case to a jury without the assistance of counsel. *See Fowler v. Fischer*, 13-CV-6546-FPG-JWF, 2017 WL 1194377, at *3 (W.D.N.Y. Mar. 30, 2017) (denying appointment of counsel where the "plaintiff appear[ed] sufficiently knowledgeable and equipped to understand and handle the litigation"); *Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case [did] not present novel or overly complex legal issues, and there [was] no indication that [the plaintiff] lack[ed] the ability to present his case").

Balancing the factors set forth in *Cooper*, the Court finds that appointing counsel is inappropriate, and, therefore, Plaintiff's motion (Dkt. 93) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 27, 2016
       Rochester, New York