UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL FREDERICK,

          Plaintiff,

v.

PATRICK MURPHY, Officer, MICHAEL
ROBYCK, Officer, JAMIE ROBINSON, Officer,
DONALD HOLTON, Sergeant, and
VANDERGRIF, Officer,

          Defendants.

**DECISION AND ORDER**

6:10-CV-06527 EAW

---

## INTRODUCTION

Plaintiff Michael Frederick ("Plaintiff") filed this action on September 15, 2010, alleging violations of his civil rights. (Dkt. 1). Following discovery and dispositive motions, Plaintiff's claims for excessive use of force, failure to supervise, and failure to intervene remain. (*See* Dkt. 64; Dkt. 74). A jury trial is scheduled to begin on September 25, 2017. (Dkt. 109). Presently before the Court is Plaintiff's sixth motion to appoint counsel. (Dkt. 107).

For the reasons stated below, Plaintiff's motion is denied.

## FACTUAL BACKGROUND

In Plaintiff's most recent motion to appoint counsel, Plaintiff alleges that he has severe mental health issues which will negatively impact his ability to prosecute his case at trial. (*Id.* at 2). Plaintiff claims that he has been diagnosed with "Anti-social personality Disorder, Impulse Control Disorder, Depression, [and] Thought Disorder."

(*Id.*). Plaintiff attaches a psychological evaluation from the New York State Office of Mental Health as evidence. (*Id.* at 7-11).

The evaluation does report that Plaintiff "has an extensive history of mental health needs since incarceration," (*id.* at 7), although the needs apparently originate from "a repetitive history of sexually acting-out behaviors," (*id.*). At the examination, Plaintiff appeared well-groomed and was highly cooperative. (*Id.* at 8). He showed no cognitive deficits or difficulties in understanding instructions. (*Id.*). Although an IQ test placed Plaintiff's Full Scale IQ at 74 (a score which falls within the borderline range of intellectual functioning), Plaintiff's work history, educational background (including an 11th grade education), and ability to read, suggest a higher level of functioning. (*Id.* at 7). Plaintiff exhibited no outward signs of thought disorder or psychosis, and his thoughts were logical and coherent. (*Id.* at 8).

Plaintiff described his behaviors and urges to the examiner, and reported an extremely high sexual appetite prior to incarceration. (*Id.*). The reason for Plaintiff's incarceration is reported as "Robbery 2nd, Sodomy 1st and Rape 1st." (*Id.* at 7). He had no record of mental health treatment prior to his incarceration. (*Id.*). In addition to Plaintiff's sexual predilections, he was assessed as having a "high potential for suicide." (*Id.* at 11). Plaintiff also reported an extensive history of drug and alcohol use. (*Id.* at 7).

The examiner concluded that Plaintiff required treatment for both significant depression and thought disorder, and diagnosed severe depression with psychotic features. (*Id.* at 10).

## DISCUSSION

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court must evaluate "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))). This is because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Id.* Additionally, for prison inmates, the court must also give weight to the plaintiff's lack of practical access to attorneys. *Id.* at 173-74.

Plaintiff was in prison when he filed the complaint, and remains in custody. Plaintiff has previously been granted leave to proceed *in forma pauperis*. (Dkt. 3). In his *in forma pauperis* motion, Plaintiff stated that he was incarcerated, had not worked in the past 12 months, and did not have any cash or other assets. (Dkt. 2 at 1-2). A prison official certified that Plaintiff's average account balance for the previous six months was $50.02. (*Id.* at 2). Plaintiff has conclusively shown that he is indigent, and has met the

threshold test for appointing counsel.

However, on balance, the *Cooper* factors weigh against appointing counsel. As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. As noted in the Court's prior Decision and Order denying the appointment of counsel, Plaintiff has been unsuccessful in his attempts to find counsel. (Dkt. 103 at 3). However, this, in itself, is insufficient to warrant the appointment of counsel.

The Court finds that Plaintiff has not established that he has a likelihood of success on the merits. The claims presented revolve around a single use of force incident. Plaintiff claims that during a cell extraction he was beaten and choked by the Defendant correctional officers. (Dkt. 4 at 7-8). Plaintiff further claims that Defendant Donald Holton, the correctional officers' supervisor, failed to properly supervise and failed to intervene in his beating. (*Id.* at 9). The trial will turn on the jury's determination as to the credibility of the witnesses, not any complex factual or legal issues which Plaintiff is incapable of handling on his own.

Up to this point, Plaintiff has submitted a clear, well-drafted amended complaint (*see generally id.*), and has drafted motion papers containing logical factual arguments in support of his requests for relief. (*See, e.g.,* Dkt. 93; Dkt. 107). In fact, Plaintiff successfully defended against Defendants' repeated dispositive motions in this case. (*See* Dkt. 64; Dkt. 74).

During an appearance on April 25, 2017, Plaintiff asserted, for the first time, that

he had mental health issues which limited his ability to represent himself. (*See* Dkt. 102). Plaintiff has submitted some evidence of mental health issues. (*See* Dkt. 107 at 7-11). The evidence shows that Plaintiff suffers from depression and impulse control problems; it does not show that Plaintiff is unable to represent himself at trial. The psychological examiner noted that Plaintiff had no indication of neurological impairment, nor did he show cognitive deficits. (*Id.* at 8). His stream of thought during the examination was "logical and coherent." (*Id.*). The mental health issues appear related to Plaintiff's sexual behavior issues—not issues concerning comprehension. This suggests that Plaintiff is capable of advocating on his own behalf at trial. *Cf. Medina v. Napoli*, 554 F. App'x 65, 66 (2d Cir. 2014) (finding the appointment of counsel necessary because of the plaintiff's "struggles with psychiatric issues, . . . blindness, and the apparent present unavailability or ineffectiveness of certain accommodations previously made to assist him in reviewing materials and presenting his case"). Additionally, the Court has held two appearances with Plaintiff and has found Plaintiff able to succinctly and competently articulate his thoughts in a manner which suggests that he is capable of presenting his case to a jury without the assistance of counsel. *See, e.g., Fowler v. Fischer*, 13-CV-6546-FPG-JWF, 2017 WL 1194377, at *3 (W.D.N.Y. Mar. 30, 2017) (denying appointment of counsel where the "plaintiff appear[ed] sufficiently knowledgeable and equipped to understand and handle the litigation"); *Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case [did] not present novel or overly complex legal issues, and there [was] no indication that [the plaintiff] lack[ed] the ability to present his case").

Balancing the factors set forth in *Cooper*, the Court finds that appointing counsel is inappropriate, and, therefore, Plaintiff's motion (Dkt. 107) is denied. Should Plaintiff seek to proceed to trial, he must represent himself.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 2, 2016
       Rochester, New York